IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
        Plaintiff,

vs.                                                                     No. 13-10193-JTM

JUAN VARGAS,
        Defendant.

MEMORANDUM AND ORDER

Defendant Juan Vargas was stopped on Interstate 70 on November 9, 2013 by a Kansas Highway Patrol Trooper. A search of Vargas's car revealed five bundles of methamphetamine concealed within a spare tire. The defendant was charged with one count of possession with intent to distribute the drug, in violation of 21 U.S.C. § 841(a)(1), and subsequently convicted of that offense. (Dkt. 58). The matter is now before the court on the defendant's Motion to Vacate his conviction. (Dkt. 74).

The defendant pled guilty to the single count of the Indictment after the court denied his January 30, 2014 motion to suppress, finding that Vargas had consented to a search of the vehicle sufficient for the officers at the scene to look into the trunk. And, because the condition of spare tire was patently suggestive of tampering, the officers had probable cause to explore inside the tire for contraband. (Dkt. 16).

The scheduled April 22, 2014 trial was continued when Vargas could not be located. A warrant was issued for his arrest and he was eventually apprehended two years later. Shortly before the rescheduled October 25, 2016 trial, the government filed a motion in limine, seeking to exclude any reference by Vargas to the defense of duress. The government argued (Dkt. 43) that there was no substantial evidence of duress, and that even if there were, it would not amount to a legal defense here, where Vargas had sole possession of the car on a nationwide drive from California to New Jersey. *See United States v. Butler*, 485 F.3d 569, 575 (10th Cir. 2007) (duress requires proof of an "actually present, immediate, or impending" threat). The court granted the government's motion. (Dkt. 47).

Faced with these rulings, Vargas chose to plead guilty to the offense charged. Under the Plea Agreement entered into by the defendant, he was allowed to present two issues on direct appeal: the denial of his motion to suppress the evidence obtained from the roadside stop, and the granting of the government's motion in limine preventing the defense of duress. The Agreement comprehensively waived other issues, with Vargas acknowledging that he "waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including the length and conditions of supervised release." (Doc. 54, ¶ 11). He further "waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack." *Id.*

In the present § 2255 petition, Vargas raises a host of claims. He alleges counsel was ineffective in failing to seek independent drug testing, failing to distinguish the roadside interaction as a *Terry* stop, failing to raise a *Terry* stop issue on appeal, failing to argue unreasonable search and seizure, failing to rebut the presumption of suspicious behavior, failing to argue and show coercion, failing to investigate and present exculpatory evidence, and failing to advise as to apparent authority. He also argues that the court allowed to the government to defeat his defense, that there were defects in the charging instrument, that the law enforcement officer was biased, that the government overstepped its authority, and that there was no controversy in issue because there was no personal injury.

"Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal." *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) (citations omitted). "A defendant's failure to present an issue on direct appeal bars him from raising the issue in his § 2255 motion, unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir. 1993) (citations omitted). Default may be excused by a showing the defendant's counsel was constitutionally ineffective, meaning counsel fell below an objective standard of reasonableness, resulting in prejudice to the defendant. *See Strickland v. Washington*, 466 U.S. 668 (1984).

The court finds that the defendant has failed to satisfy the first *Strickland* prong by showing that that his counsel's performance fell below an objective standard of reasonableness. While Vargas makes numerous arguments for alleged errors by counsel, he fails to support a finding that counsel was actually defective as to *any* of those claims. The defendant also fails to meet the second *Strickland* prong by failing to show any prejudice. The defendant has not shown that independent drug testing would have proven the methamphetamine was not methamphetamine, that somehow rearguing the stop as *Terry* would have required suppression (contrary to the express upholding of the search by this court and the Tenth Circuit), that he was coerced, or that different advice as to apparent authority would have led to a favorable outcome.

The additional claims advanced by Vargas were waived by his Plea Agreement. A waiver of collateral attack rights is upheld unless the issue falls outside the scope of the waiver, the waiver was not knowing and voluntary, or enforcement of the waiver would result under the circumstances in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004).

The issues Vargas raises here, such as the allegedly faulty language of the Indictment, the conduct of law enforcement, and the actions of the government, all attack the validity of his conviction, and thus fall within the comprehensive waiver in the Plea Agreement set forth previously. That Agreement was knowing and voluntary. This is documented in the Agreement itself (Dkt. 54, ¶ 17), in which Vargas "acknowledges that he is entering into this Plea Agreement and is pleading guilty because he is guilty. He

further acknowledges that he is entering this guilty plea freely, voluntarily, and knowingly." And in his Petition to Enter a Plea of Guilty, Vargas wrote:

> I offer my plea of "GUILTY" freely and voluntarily, and further state that my plea of guilty is not the result of any force or threats against me, or of any promises made to me other that those noted in this petition. I further offer my plea of "GUILTY" with full understanding of all the matters set forth in the Indictment, in this petition, and in the certicate of my attorney which is attached to this petition.

(Doc. 53, ¶23). The knowing and voluntary nature of the Plea Agreement is also supported by the way it was carefully crafted to preserve the two issues presented in the motion to suppress and the motion in limine -- but *only* those two issues.

This conclusion is further confirmed by the court's careful colloquy with the defendant during the Rule 11 hearing. At the conclusion of the hearing the court announced its "finding that you pleaded guilty freely, voluntarily, and because you are guilty as charged and not out of ignorance, fear, inadvertence or coercion. I'm finding that you pleaded guilty with full knowledge and understanding of the consequences." (Dkt. 69, at 30). This conclusion occurred after careful inquiry by the court, including reference to "the waiver of appeal and collateral attack" with "an exception on appeal that defendant preserves his right to appeal the Court's ruling on the motion to dismiss and the motion in limine." (*Id*. at 4-5). The court informed defendant that he had a right to trial and to post-conviction remedies (*id*. at 15-16), and the defendant stated upon inquiry that he had visited with counsel and understood his "right to trial and all the privileges that go along with it." (*Id*. at 16).

5

Enforcement of the waiver does not result in a miscarriage of justice in the present action. A miscarriage may arise where a sentence is premised on an impermissible factor such as race, counsel was ineffective negotiating the waiver, the statute exceeded the statutory maximum, or the waiver is otherwise unlawful and the error "seriously affects the fairness, integrity or public reputation of judicial proceedings. *Hahn*, 359 F.3d at 1327.

The defendant has failed to make any showing of a miscarriage of justice. His sentence was not the product of any impermissible factor such as race. His sentence did not exceed the statutory maximum, and the plea colloquy establishes that defendant's counsel actively explored with him all the substantial elements of the Plea Agreement, including the waiver of appeal and collateral attack rights, and that the defendant understood that waiver. In exchange for the plea, the defendant obtained substantial benefits, preserving his right to appeal the two main issues in the case and securing the government's recommendation that Vargas receive the maximum reduction in offense level for acceptance of responsibility. The waiver was not itself unlawful and there is no evidence at all that enforcement of the waiver affects the fairness, integrity or public reputation of any judicial proceedings.

IT IS ACCORDINGLY ORDERED this day of July, 2019, that the defendant's Motion to Vacate (Dkt. 74) is hereby denied.

s/ J. Thomas Marten
J. Thomas Marten, Judge