IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  Case No.  13-10193-JWB

JUAN VARGAS,

        Defendant.

## MEMORANDUM AND ORDER

This matter comes before the court on Defendant's motion to reduce his sentence under the First Step Act.  (Doc. 82.)   The government has filed a response in opposition.  (Doc. 85.) Defendant has failed to file a reply brief and the time for doing so has now passed.  The court has considered the motion and finds that Defendant has failed to exhaust.  Therefore, for the reasons stated herein, Defendant's motion is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

## I.      Facts and Procedural History

On October 25, 2016, Defendant pleaded guilty to one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a).  (Doc. 54.)  On January 27, 2017, Defendant was sentenced to 78 months imprisonment.  (Doc. 58.)

Defendant now moves for compassionate release and seeks a sentence reduction to time served.  (Doc. 82.)  The motion makes no mention of any exhaustion of administrative remedies on the request for reduction of sentence.  The motion alleges that Defendant suffers from "multiple medical conditions," although he only specifically refers to asthma, which place him at high risk for COVID-19 complications.  (*Id.* at 1, 3.)  Defendant's brief spends a significant amount of time

citing COVID-19 statistics, the state of COVID-19 in prisons, and decisions by other courts regarding motions for compassionate release.  The government opposes the motion on the basis that Defendant has failed to exhaust his administrative remedies and, alternatively, that the motion fails on the merits.

District of Kansas Standing Order 19-1 appoints the Federal Public Defender ("FPD") to represent indigent defendants who may qualify to seek compassionate release under § 603 of the First Step Act.  Administrative Order 20-8 supplements 19-1 and sets forth procedures to address compassionate release motions brought on grounds related to the COVID-19 pandemic.  Under 20-8, the FPD has fifteen days to notify the court whether it intends to enter an appearance on behalf of any pro se individual filing a compassionate release motion based on COVID.  Here, the FPD notified the court that it did not intend to enter an appearance to represent Defendant.

## II.    Standard

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), was amended by The First Step Act.  Now, a defendant may file his own motion if certain conditions have been met.  The Tenth Circuit has recently endorsed a three-step test for district courts to utilize in deciding motions filed under § 3582(c)(1)(A).  *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)).  Under that test, the court may reduce a sentence if Defendant has administratively exhausted his claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a).  *Id.*  A court may deny the motion when any requirement is lacking and the court need not address the other requirements.  *Id.* at 1043.  But all requirements must be addressed when the court grants a motion

for release under the statute.  *Id.*  With respect to the second requirement, the applicable policy statements, the Tenth Circuit has held that the current policy statement on extraordinary circumstances is not applicable to motions filed by a defendant.  *United States v. Maumau*, 993 F.3d 821, 837 (10th Cir. 2021).

Defendant bears the burden of establishing that compassionate release is warranted under the statute.  *See, e.g., United States v. Dial*, No. 17-20068-JAR, 2020 WL 4933537 (D. Kan. Aug. 24, 2020); *United States v. Dixon*, No. 18-10027-02-JWB, 2020 WL 6483152, at *2 (D. Kan. Nov. 4, 2020).

## III.    Analysis

Defendant has failed to satisfy the exhaustion requirement.  Nothing in his motion or the record indicates that he made any effort to exhaust his administrative remedies seeking compassionate release as required under 18 U.S.C. § 3582(c)(1)(a).  The court is thus without jurisdiction to consider Defendant's motion.  *See United States v. Springer*, 820 F. App'x 788, 791 (10th Cir. 2020) ("Contrary to Springer's argument, he was required to request that the BOP file a compassionate-release motion on his behalf to initiate his administrative remedies."); *see also United States v. Harris*, 505 F. Supp. 3d 1152, 1154 (D. Kan. 2020).

## IV.    Conclusion

Defendant's motion for sentence reduction under § 3582 (Doc. 82) is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

IT IS SO ORDERED.  Dated this 7th day of October,  2021.

__s/ John W. Broomes _____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE